IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CNS, INC., d/b/a GLAXOSMITHKLINE and CREATIVE INTEGRATION & DESIGN, INC., | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) | |
| v. | ) ) | C.A. No. 07-654- GMS |
| ASO LLC, | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) | **JURY TRIAL DEMANDED** |

## ASO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendant ASO LLC ("ASO"), by and through its attorneys, hereby answers the Complaint (the "Complaint") of Plaintiffs CNS, Inc., d/b/a GlaxoSmithKline ("CNS"), and Creative Integration and Design, Inc. ("CID") (collectively "Plaintiffs"), as follows:

### Introduction

1. ASO admits that Plaintiffs filed this action under Title 35 of the United States Code §1 *et seq.* alleging patent infringement. ASO is without sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

### Parties

2. On information and belief, admitted.

3. On information and belief, admitted.

4. Admitted.

## Jurisdiction and Venue

5. ASO admits that Plaintiffs allege that this action arises under the patent laws of the United States. ASO is without sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

6. Admitted.

7. Admitted.

8. ASO admits that it is registered as a limited liability company within this State and District and that it conducts business within this State and District. ASO is without sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

9. Admitted.

## The Patent

10. ASO admits that on its face United States Pat. No. 6,318,362 is entitled "Nasal Dilator", issued on November 20, 2001, and identified CID as assignee. ASO is without sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

11. ASO is without sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## The Prior Agreement

12. On information and belief, admitted.

13. On information and belief, admitted.

14. ASO admits that under the Agreement, CNS and its successors in interest granted, *inter alia*, Acutek and Schering-Plough a covenant not to sue for patent infringement. Otherwise denied.

15. On information and belief, ASO admits that Schering-Plough marketed and sold nasal dilator products within the scope of the Agreement. ASO is without sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

16. On information and belief, ASO admits that on or about April 30, 2003 ASO acquired patent rights from Acutek for the Clear Passage nasal dilator. ASO is without sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

17. ASO admits that it has subsequently made minor changes to certain materials used to construct the Clear Passage nasal dilator, and that those changes were within the scope of the June 30, 1998 Agreement. Otherwise denied.

18. ASO is without sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

19. ASO is without sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

### Defendant's Infringing Activities

20. Denied.

21. Denied.

DB02:6680342.1                                                                                                                                067214.1001

## COUNT I
### (Infringement of the Patent)

22. ASO's responses to the allegations set forth in paragraphs 1 through 21, above, are incorporated herein by reference.

23. ASO is without sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

24. Denied.

25. Denied.

## DEFENSES

26. ASO, without prejudice to the denials set forth in its Answer, alleges the following defenses to Plaintiffs' Complaint.

### First Defense
### (Covenant Not to Sue)

27. In the Agreement of June 30, 1998, CNS covenanted and agreed with Acutek that it will forever refrain from instituting, prosecuting, maintaining or pressing any action or claim for patent infringement based on Acutek's making, selling, or offering for sale the Clear Passage nasal dilator irrespective of any subsequent patent whether or not it matures from the patents identified in the Agreement.

28. ASO is an authorized, exclusive licensee of Acutek for the Clear Passage nasal dilator.

29. Therefore, ASO is free to make, use, sell, offer to sell, import into the U.S. and export the Clear Passage nasal dilator.

### Second Defense
### (Noninfringement)

30. The manufacture, use, and/or sale of ASO's Clear Passage nasal dilator does not infringe, has not infringed, and will not infringe claim 12 of the patent in suit, either willfully, literally or under the doctrine of equivalents.

### Third Defense
### (Invalidity)

31. Claim 12 of the patent in suit is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

## ASO'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant-Counterclaim Plaintiff ASO avers and asserts these counterclaims against Plaintiffs-Counterclaim Defendants CNS, Inc., d/b/a GlaxoSmithKline ("CNS"), and Creative Integration and Design, Inc. ("CID") (collectively "Plaintiffs-Counterclaim Defendants") as follows:

### Parties, Jurisdiction, and Venue

32. On information and belief, Plaintiff-Counterclaim Defendant CNS is a corporation organized under the laws of the state of Delaware with a principal place of business at 1000 GSK Drive, Moon Township, Pennsylvania, 15108.

33. On information and belief, Plaintiff-Counterclaim Defendant CID is a Minnesota corporation with its principal place of business at 864 East Orange Ave., St. Paul, Minnesota, 55106.

34. Defendant-Counterclaim Plaintiff ASO is limited liability company organized and existing under the laws of Delaware with a principal place of business at 300 Sarasota Center Blvd., Sarasota, Florida, 34240.

35. This Court has jurisdiction over Counterclaims II and III pursuant to 28 U.S.C. §§ 1331 and 1338, because those claims arise under the Patent Laws. The Court has jurisdiction over Counterclaim I under 28 U.S.C. § 1367.

### Counterclaim I
### (Declaration That ASO's Accused Product Is Within the Scope of the Covenant Not to Sue)

36. ASO incorporates the allegations of paragraphs 32 through 35 above as if entirely set forth herein.

37. Plaintiffs covenanted and agreed with Acutek that they will forever refrain from instituting, prosecuting, maintaining or pressing any action or claim for patent infringement based on Acutek's making, selling, or offering for sale the Clear Passage nasal dilator irrespective of any subsequent patent whether or not it matures from the patents identified in the Agreement.

38. ASO is an authorized, exclusive licensee of Acutek, and ASO's Clear Passage nasal dilator is covered by the covenant not to sue.

39. A definite and concrete, real and substantial, justiciable controversy exits over whether ASO's Clear Passage nasal dilator is covered by the covenant not to sue in the June 30, 1998 Settlement Agreement.

40. ASO's Clear Passage nasal dilator is covered by the covenant not to sue set forth in the June 30, 1998 Settlement Agreement.

## Counterclaim II
### (Declaration of Noninfringement of Claim 12 of the Patent in Suit)

41.     ASO incorporates the allegations of paragraphs 32 through 40 above as if entirely set forth herein.

42.     Plaintiffs-Counterclaim Defendants have asserted that ASO's Clear Passage nasal dilator infringes the patent in suit, and defendant has denied the allegations. Accordingly, a definite and concrete, real and substantial, justiciable controversy exists between the parties herein with respect to infringement of the patent in suit that is of sufficient immediacy and reality to warrant the entry of a declaratory judgment.

43.     The manufacture, use, and/or sale of ASO's Clear Passage nasal dilator does not infringe, has not infringed, and will not infringe claim 12 of the patent in suit, either literally, willfully, or under the doctrine of equivalents.

## Counterclaim III
### (Declaration of Invalidity of Claim 12 of the Patent in Suit)

44.     ASO incorporates the allegations of paragraphs 32 through 43 above as if entirely set forth herein.

45.     Plaintiffs Counterclaim-Defendants have asserted that ASO's Clear Passage nasal dilator infringes the patent in suit and that the patent is valid, and Defendant has denied these allegations. Accordingly, a definite and concrete, real and substantial, justiciable controversy exists between the parties herein with respect to the validity of the patent in suit that is of sufficient immediacy and reality to warrant the entry of a declaratory judgment.

46.     Claim 12 of the '362 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

## Prayer For Relief

**WHEREFORE**, Defendant-Counterclaim Plaintiff ASO respectfully requests that the Court enter judgment against Plaintiffs-Counterclaim Defendants to include:

A. adjudging, finding and declaring that ASO's Clear Passage nasal dilator is covered by the covenant not to sue in the June 30, 1998 Settlement Agreement;

B. adjudging, finding and declaring that the manufacture, use, and/or sale of ASO's Clear Passage nasal dilator does not infringe, has not infringed, and will not infringe claim 12 of the patent in suit, either willfully, literally or under the doctrine of equivalents;

C. adjudging, finding and declaring that claim 12 of the patent in suit is invalid;

D. dismissing Plaintiffs' Complaint in its entirety with prejudice;

E. denying each of Plaintiffs' requested forms of relief against ASO;

F. awarding ASO its reasonable attorneys' fees in connection with this action pursuant to the terms of the Agreement, and awarding ASO its costs; and

H. awarding such other and further relief to ASO as the Court may deem just and proper.

## Jury Demand

Defendant-Counterclaim Plaintiff demands a trial by jury on all issues triable of right, or operation of law, by jury.

|  |  |
|---|---|
| March 20, 2008 | YOUNG CONAWAY STARGATT & TAYLOR LLP<br><br>*/s/ Karen L. Pascale*<br>―――――――――――――――――<br>Josy W. Ingersoll (No. 1088)<br>Karen L. Pascale (No. 2903) [kpascale@ycst.com]<br>Karen E. Keller (No. 4489)<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: 302-571-6600<br><br>*Attorneys for Defendant, Aso LLC* |
| OF COUNSEL:<br><br>James Galbraith<br>Anthony Giaccio<br>**KENYON & KENYON LLP**<br>One Broadway<br>New York, NY 10004<br>(212) 425-7200 | |

9

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 20, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire [fdigiovanni@cblh.com]
>Paul E. Crawford, Esquire [pcrawford@cblh.com]
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE 19801

I further certify that on March 20, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### By E-Mail

>Richard C. Pettus [rpettus@kslaw.com]
>Pamela C. White [pcwhite@kslaw.com]
>Kristen A. Swift [kswift@kslaw.com]
>KING & SPALDING LLP
>1185 Avenue of the Americas
>New York, NY 10036

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Karen L. Pascale*
>
>Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
>Karen L. Pascale (No. 2903) [kpascale@ycst.com]
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899
>Telephone: (302) 571-6600
>*Attorneys for Defendant, Aso LLC*