IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CNS, INC., d/b/a GLAXOSMITHKLINE and CREATIVE INTEGRATION & DESIGN, INC.<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>ASO LLC,<br><br>    Defendant/Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 07-654-GMS<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## PLAINTIFFS' REPLY TO DEFENDANT ASO'S COUNTERCLAIMS

In accordance with Fed. R. Civ. P. 12, Plaintiffs, CNS, Inc. d/b/a GlaxoSmithKline ("CNS") and Creative Integration Design, Inc. ("CID") (collectively "Plaintiffs"), by their undersigned attorneys, hereby answer the Counterclaims of Defendant ASO LLC ("ASO" or "Defendant") as follows:

## ANSWER

Plaintiffs respond to the separately-numbered paragraphs of ASO's Answer, Defenses, and Counterclaims to Plaintiffs' Complaint (hereinafter "Defendant's Answer and Counterclaims") as follows. To the extent that paragraphs 1-31 of ASO's Answer and Counterclaims are admissions and/or denials of assertions made by Plaintiffs in the Complaint, they require no further answer from Plaintiffs.

**Parties, Jurisdiction, and Venue**

32. Plaintiffs admit the allegations set forth in paragraph 32.

33. Plaintiffs admit the allegations set forth in paragraph 33.

34. Plaintiffs admit the allegations set forth in paragraph 34.

35. Plaintiffs admit the allegations set forth in paragraph 35.


**Reply to Counterclaim I -**
**(Declaration That ASO's Accused Product Is Within The Scope of Covenant Not To Sue)**

36. Plaintiffs repeat their responses to the allegations in paragraphs 32 through 35 above as if fully set forth herein.

37. Plaintiffs admit that CNS, Inc., Acutek Adhesive Specialties, Jerome D. Muchin and Schering-Plough HealthCare Products, Inc. entered into an agreement that, *inter alia*, resolved certain patent litigation issues between the parties ("the Agreement"). Plaintiffs admit that under the Agreement, CNS and its successors-in-interest granted, *inter alia,* Acutek and Schering-Plough a covenant not to sue for patent infringement for making, using, selling or offering for sale a nasal dilator product meeting certain design restrictions. Plaintiffs deny the remaining allegations set forth in paragraph 37.

38. Plaintiffs are without sufficient information to form a belief as to the status of ASO as an authorized, exclusive licensee of Acutek and deny the remaining allegations set forth in paragraph 38.

39. Plaintiffs admit that Defendant purports to bring a declaratory judgment action over whether ASO's Clear Passage nasal dilator is covered by the covenant not to sue in the Agreement. To the extent the allegations set forth in paragraph 39 are legal conclusions, it requires no

further answer from Plaintiffs. In all other respects, Plaintiffs deny the allegations set forth in paragraph 39.

40. Denied.

## Reply to Counterclaim II -
### (Declaration of Noninfringement of Claim 12 of the Patent in Suit)

41. Plaintiffs repeat their responses to the allegations in paragraphs 32 through 40 above as if fully set forth herein.

42. Plaintiffs answer that Plaintiffs' Complaint and Defendant's Answer and Counterclaims speak for themselves. Plaintiffs admit that Defendant purports to bring a declaratory judgment action with respect to infringement of the patent-in-suit. To the extent the allegations set forth in paragraph 42 are legal conclusions, it requires no further answer from Plaintiffs. In all other respects, Plaintiffs deny the allegations set forth in paragraph 42.

43. Denied.

## Reply to Counterclaim III
### (Declaration of Invalidity of Claim 12 of the Patent in Suit)

44. Plaintiffs repeat their responses to the allegations in paragraphs 32 through 43 above as if fully set forth herein.

45. Plaintiffs answer that Plaintiffs' Complaint and Defendant's Answer and Counterclaims speak for themselves. Plaintiffs admit that Defendant purports to bring a declaratory judgment action with respect to the validity of the patent-in-suit. To the extent the allegations set forth in paragraph 45 are legal conclusions, it requires no answer from Plaintiffs. In all other respects, Plaintiffs deny the allegations set forth in paragraph 45.

46. Denied.

### Prayer For Relief

Plaintiffs deny that Defendant is entitled to any of the relief listed in its "Prayer for Relief" or in any of its subparts, and deny any factual allegations made therein.

### AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in this Reply and without admitting any allegations in the Defendant's Answer not otherwise admitted, Plaintiffs aver and assert the following Affirmative Defenses to Defendant's Answer and Counterclaims.

### First Defense

47. Plaintiffs deny each and every allegation of the Counterclaims, except as expressly admitted above.

### Second Defense

48. ASO's Counterclaims fail to state a claim upon which relief can be granted.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Counterclaim-Defendants CNS and CID pray that ASO's Counterclaims against them be dismissed with prejudice, that judgment be entered in favor of Plaintiffs, that the costs of this action be taxed against ASO, and that the Court award Plaintiffs such other relief as it deems just and proper.

### Jury Demand

Plaintiffs demand a trial by jury of all issues so triable.

Dated: April 14, 2008                    /s/ Francis DiGiovanni
                                                               Francis DiGiovanni (# 3189)
                                                               Paul E. Crawford (# 493)
                                                               CONNOLLY BOVE LODGE & HUTZ LLP
                                                               The Nemours Building
                                                               1007 North Orange Street
                                                               P.O. Box 2207
                                                               Wilmington, Delaware 19899
                                                               (302) 888-6316
                                                               fdigiovanni@cblh.com

                                                              Richard C. Pettus
                                                               Pamela C. White
                                                               KING & SPALDING LLP
                                                               1185 Avenue of the America
                                                               New York, New York 10036
                                                               (212) 556-2100

                                                               *Attorneys for Plaintiffs*
                                                               *CNS, Inc. d/b/a GlaxoSmithKline and*
                                                                *Creative Integration & Design, Inc.*

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing PLAINTIFFS' REPLY TO DEFENDANT ASO'S COUNTERCLAIMS with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Karen L. Pascale
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

I further certify that on this same date I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail on the following counsel of record:

James Galbraith
KENYON & KENYON LLP
One Broadway
New York, New York 10004
(212) 425-7200


/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)